IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Richmond Division

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) | Criminal No. 3:14-cr-00053-JAG |
| v. | ) ) ) |  |
| ROBERT TYNDALL, | ) ) ) |  |
| *Defendant* | ) ) |  |

**MEMORANDUM IN SUPPORT OF GOVERNMENT'S
RULE 48(a) MOTION TO DISMISS**

Pursuant to Rule 48(a) of the Federal Rules of Criminal Procedure, the United States, by and through its attorneys, Jessica D. Aber, United States Attorney, and Brian R. Hood, Senior Litigation Counsel, has requested leave of the Court and moved to dismiss without prejudice the pending indictment and the arrest warrant issued against the above-captioned defendant. In support of the motion, the United States represents the following:

**I.     THE LAW GOVERNING RULE 48(a) DISMISSALS**

1.      The trial court's discretion in considering a government motion to dismiss an indictment pursuant to Fed. R. Crim. P. 48(a) is very limited. *United States v. Goodson*, 204 F.3d 508, 512–13 (4th Cir. 2000) (reversing district court's denial of government's motion to dismiss without prejudice, but granting defendant's motion to dismiss with prejudice*); United States v. Smith,* 55 F.3d 157, 160 (4th Cir. 1995) (reversing district court's denial of government motion to dismiss, remanding with instructions to dismiss).

2.      "[D]isposition of [the] government's motion to dismiss an indictment should be decided by determining whether the prosecutor acted in good faith at the time he moved for

1

dismissal. A motion that is not motivated by bad faith is not clearly contrary to manifest public interest, and it must be granted." *Smith*, 55 F.3d at 159 (emphasis added). *Accord Rinaldi v. United States*, 434 U.S. 22, 30 (1977); and *Goodson*, 204 F.3d at 512–13.

3. As examples of what might rise to the level of "disservice to the public interest," the Court in *Smith* noted that "the prosecutor's acceptance of a bribe, personal dislike of the victim, [or] dissatisfaction with the jury impaneled…" could warrant such a finding. *Smith*, 55 F.3d at 159 (approving government's motion to dismiss indictment because cooperating defendant would have been acquitted but for guilty plea, and to ensure that those who cooperate receive more lenient treatment).

## II. FACTS WARRANTING DISMISSAL WITHOUT PREJUDICE

4. On April 15, 2014, a grand jury sitting in the United States District Court for the Eastern District of Virginia returned a three-count indictment against the above-captioned defendant, charging him with Production of Child Pornography, in violation of 18 U.S.C. § 2251(a), Enticement of a Minor, in violation of 18 U.S.C. § 2422(b), and Attempted Enticement of a Minor, in violation of 18 U.S.C. § 2422(b).

5. On April 20, 2017, a grand jury sitting in the United States District Court for the Eastern District of Pennsylvania returned a one-count indictment against the defendant, case number 2:17-cr-00209, charging him with Coercion and Enticement of a Minor, in violation of 18 U.S.C. § 2422(b).

6. Both districts requested the defendant's extradition from Canada to the United States to answer to those charges. For reasons that are unknown to the undersigned attorney for the government, the government of Canada authorized the defendant's extradition to the United States to stand trial for the Pennsylvania charges but not the Virginia charges.

7. The pending indictment and arrest warrant in the Eastern District of Virginia could potentially complicate the extradition proceedings with the defendant, as well as other extradition matters involving the Canadian government. It is appropriate, then, to dismiss the pending Eastern District of Virginia charges to allow the case pending in the Eastern District of Pennsylvania to proceed unencumbered by potential extradition complications.

8. Even so, the dismissal of the indictment in the Eastern District of Virginia should be without prejudice. Depending on the outcome of proceedings in the Eastern District of Pennsylvania, the government reserves the right—if it is in the interest of justice to do so—to reinstate the pending charges against the defendant and compel his appearance in the Eastern District of Virginia in a manner that is consistent with both U.S. and Canadian law.

WHEREFORE, the United States respectfully requests that the Court grant the government's Rule 48(a) Motion to Dismiss without prejudice.

Respectfully submitted,
JESSICA D. ABER
UNITED STATES ATTORNEY

By: _/s/ Brian R. Hood_
Pennsylvania Bar No. 74635
Senior Litigation Counsel
United States Attorney's Office
Eastern District of Virginia
919 East Main Street, Suite 1900
Richmond, VA 23219
Telephone: (804) 819-5400
Facsimile: (804) 771-2316
Email: brian.hood@usdoj.gov

# **CERTIFICATE OF SERVICE**

I certify that on this day, **August 4, 2023,** I filed a true and correct copy of the foregoing Government Notice of Appearance via the Electronic Case File system, which will serve all counsel of record**.**

                              Respectfully submitted,
                              JESSICA D. ABER
                              UNITED STATES ATTORNEY

By:   */s/  Brian R. Hood*
        Pennsylvania Bar No. 74635
        Senior Litigation Counsel
        United States Attorney's Office
        Eastern District of Virginia
        919 East Main Street, Suite 1900
        Richmond, VA 23219
        Telephone: (804) 819-5400
        Facsimile: (804) 771-2316
        Email: brian.hood@usdoj.gov